IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Leslie A. WORTLEY,
Attorney at Law.

Supreme Court

*No. 83-11820. Filed September 30, 1986.*

(Also reported in 393 N.W.2d 462.)

## *ORDER*

On August 11, 1986, Leslie A. Wortley filed a petition for the revocation of his license to practice law in Wisconsin, pursuant to SCR 21.10(1). In that petition, Attorney Wortley stated that he cannot successfully defend the allegations of misconduct set forth in the complaint filed against him by the Board of Attorneys Professional Responsibility (Board). That misconduct consisted of Attorney Wortley's failure to timely conclude probate matters, failure to provide an accounting in an estate, failure to timely file tax returns and pay taxes in two estates, grossly understating income in one of the estates, failure to maintain records and prepare accurate accountings as personal representative in an estate, failure to institute legal proceedings on a client's claim, and engaging in a pattern of unreasonable delay and neglect in probate proceedings in Milwaukee county over a period of several years. The Board alleged that such conduct constituted the handling of legal matters

which an attorney knows or should know he is not competent to handle, in violation of SCR 20.32(1), neglect of legal matters, in violation of SCR 20.32(3), and failure to promptly notify a client of the receipt of client property, to identify client property and maintain complete records of client property coming into a lawyer's possession and to render appropriate accounts to the client regarding it, in violation of SCR 20.50(2). The referee, the Honorable John A. Fiorenza, reserve judge, recommended that the court accept the petition for revocation.

With the petition for revocation, Attorney Wortley filed an objection to the Board's statement of costs filed in this matter on the grounds that the statement was not timely filed, that the Board did not comply with the rule of civil procedure, sec. 814.11, Stats., and there was insufficient itemization in the statement of costs with respect to attorney fees incurred by the Board in this proceeding. In its response to the objection, the Board stated that it mailed the statement of costs to Attorney Wortley within the time provided by SCR 22.20(2), that the civil procedure rule, sec. 814.11, is inapplicable to attorney disciplinary proceedings, as the court's rules make specific provision therefor, and that, in addition to its statement of costs, the Board sent Attorney Wortley's counsel a more detailed itemization of the attorney fees incurred by the Board by letter of September 8, 1986.

IT IS ORDERED that the petition for revocation of license by consent is granted and the license of Leslie A. Wortley to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that Leslie A. Wortley comply with the provisions of SCR 22.26 concern-

85

ing the duties of a person whose license to practice law in Wisconsin has been revoked.

IT IS FURTHER ORDERED that the motion objecting to costs is held in abeyance pending further order of the court and that the Board of Attorneys Professional Responsibility shall file with the court within 20 days of the date of this order a complete statement of the services rendered to the Board by its attorney in this proceeding and the fees paid for those services.